UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| YAZMIN GONZALEZ, <br><br> Plaintiff, <br><br> v. <br><br> THE LAW FIRM OF HIGBEE & ASSOCIATES dba COUNTRYWIDE LEGAL GROUP is a California Professional Limited Liability Corporation <br><br> Defendants. | § § § § § § § § § § § § § § § § |

EP-23-CV-00436-KC

# COMPLAINT

1. Pro Se Plaintiff Yazmin Gonzalez files this Complaint against Defendant The Law Firm of Higbee & Associates dba Countrywide Legal Group ("Countrywide") for violations of the federal Telephone Consumer Protection Act ("TCPA") and Texas Business and Commerce Code ("TBCC") its regulations alleging as follows:

## INTRODUCTION

2. Beginning in September 2023, Plaintiff began to receive a barrage of illegal telemarketing calls soliciting debt relieve services on behalf of Defendant Countrywide.

3. Plaintiff seeks redress under the TCPA and TBCC, demanding that the calls stop

## JURISDICTION AND VENUE

4. **Jurisdiction.** This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject

matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing calls to Plaintiff; adds little complexity to the case.

5. **Personal Jurisdiction.**  This Court has specific personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

6. **Venue.**  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District.  Residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

7. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above-named Defendants to the Plaintiff, a Texas resident.

## PARTIES AND OTHER ENTITIES

8. Plaintiff YAZMIN GONZALEZ ("Plaintiff" or "Gonzalez") is a natural person domiciled in Texas who received incessant and intrusive calls made on behalf of Defendant COUNTRYWIDE marketing debt relief services.

9. Defendant THE LAW FIRM OF HIGBEE & ASSOCIATES dba COUNTRYWIDE LEGAL GROUP ("Countrywide") is a Professional Limited Liability Corporation organized and existing under the law of California and can be served via registered agent Mathew Kidman Higbee at 1504 Brookhollow Dr, Ste #112, Santa Ana, CA 92705.

## THE TELEPHONE CONSUMER PROTECTION ACT

**OF 1991, 47 U.S.C. § 227**

10.  In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

11.  The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

12.  The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

13.  The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

14.  Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

15.  The TCPA provides a private cause of action to persons who receive calls in violation of

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

§ 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

16. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

17. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

18. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines. In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer: (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

19. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

20. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

21. Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

22. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g.*, *Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.")

### The Texas Business and Commerce Code § 302.101

23. The Texas Business and Commerce Code requires sellers to obtain a registration certificate from the Secretary of State to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.  Tx. Bus. & Com. Code § 302.101.

24. Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.  Tex. Bus. & Com. Code § 302.302(a)(d).

25. Texas Business and Commerce Code § 302.101 provides a private right of action.  A

violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

## FACTUAL ALLEGATIONS

26. Plaintiff successfully registered her personal phone number ending in -2376 on the National Do-Not-Call Registry ("DNC") on February 15, 2023.

27. The TCPA was enacted to protect consumers' privacy interests by prohibiting unwanted, repetitive, and invasive telephone solicitations.

28. Plaintiff did not have an established business relationship with Defendant and did not give Defendant her prior express written consent to the alleged calls.

29. From September 12, 2023, to November 13, 2023, Plaintiff received at least 27 calls from phone number 854-223-5776 to her cell phone ending in -2376.

30. On September 12, 2023, Plaintiff received a call from phone number 854-223-5676 showing on her call ID. The telemarketer was soliciting debt relief services. Plaintiff disconnected the call.

31. On November 2, 2023, Plaintiff answered call #5, and the telemarketer again was soliciting debt relive services.

32. The Telemarketer attempted to transfer Plaintiff, but he wasn't successful. The telemarketer asked Plaintiff if he could call her back, Plaintiff said "no" and disconnected the call.

33. Surprisingly the calls did not stop. Plaintiff answered call #10, Plaintiff informed the telemarketer she had no debt and disconnected the call. Plaintiff received five (5) additional

calls after this call.

34. On November 3, 2023, Plaintiff received call #21. Plaintiff was annoyed by the calls and pretended to be her mother "Norma" who she knew to have debt to ascertain who was behind the solicitation calls.

35. The telemarketer then live transfered Plaintiff to an agent who identified himself as "Danny."

36. Danny verified Plaintiff's information, asked qualifying questions, and proceeded to send an email that contained Defendant's contract.

37. On November 3, 2023, Plaintiff answered call #25. Plaintiff asked the telemarketer to stop calling her and disconnected the call. However, Plaintiff received two (2) additional calls.

38. Defendant Countrywide is a law firm that uses third parties to solicit their legal services that violate the TCPA, American Bar Association code of ethics, and Texas State Bar Code of ethics.

39. Table below displays calls made to Plaintiff by Defendants:

40. TABLE A.

| Number: | Date | Time | Caller ID | Notes |
|---|---|---|---|---|
| 1. | 09/12/23 | 3:15 pm | 854-223-5676 | Solicitation call. |
| 2. | 11/02/23 | 9:41 am | 854-223-5676 | Solicitation call. |
| 3. | 11/02/23 | 9:53 am | 854-223-5676 | Solicitation call. |
| 4. | 11/02/23 | 9:55 am | 854-223-5676 | Missed Call. |
| 5. | 11/02/23 | 10:27 am | 854-223-5676 | DNC Request |
| 6. | 11/02/23 | 10:30 am | 854-223-5676 | Missed Call |
| 7. | 11/02/23 | 11:31 am | 854-223-5676 | Missed Call |

| 8.  | 11/02/23 | 10:35 am | 854-223-5676 | Solicitation call. |
|-----|----------|----------|--------------|--------------------|
| 9.  | 11/02/23 | 11:04 am | 854-223-5676 | Missed Call. |
| 10. | 11/02/23 | 11:18 am | 854-223-5676 | Soliciting call. Plaintiff stated she had no debt. |
| 11. | 11/02/23 | 11:30 am | 854-223-5676 | Missed Call. |
| 12. | 11/02/23 | 11:30 am | 854-223-5676 | Declined Call |
| 13. | 11/02/23 | 1:04 pm  | 854-223-5676 | Solicitation call. |
| 14. | 11/02/23 | 1:19 pm  | 854-223-5676 | Missed Call. |
| 15. | 11/02/23 | 1:19 pm  | 854-223-5676 | Missed Call. |
| 16. | 11/02/23 | 1:20 pm  | 854-223-5676 | Missed Call. |
| 17. | 11/02/23 | 1:42 pm  | 854-223-5676 | Missed Call. |
| 18. | 11/02/23 | 1:56 pm  | 854-223-5676 | Missed Call. |
| 19. | 11/02/23 | 2:20 pm  | 854-223-5676 | Solicitation call. |
| 20. | 11/02/23 | 5:07 pm  | 854-223-5676 | Missed Call. |
| 21. | 11/03/23 | 9:10 am  | 854-223-5676 | Solicitation call. |
| 22. | 11/03/23 | 9:12 am  | 854-223-5676 | Contract sent |
| 23. | 11/03/23 | 9:30 am  | 854-223-5676 | Declined Call |
| 24. | 11/03/23 | 10:06 am | 854-223-5676 | Solicitation call. |
| 25. | 11/03/23 | 10:08 am | 854-223-5676 | DNC Request |
| 26. | 11/08/23 | 9:12 am  | 854-223-5676 | Solicitation call. |
| 27. | 11/13/23 | 2:20 pm  | 854-223-5676 | Missed Call. |

41.  Every telemarketer Plaintiff spoke with failed to properly identify themselves and the parties they were calling on behalf of.

42.  Defendants are not registered pursuant to § 302.101 of the Texas Business & Commerce

Code to provide telephone solicitations. The https://direct.sos.state.tx.us/telephonesearch.asp site ("Texas Registration Database") does not contain a valid registration for Defendant.

43. Defendant's telemarketers initiated numerous unsolicited telephone calls despite Plaintiff repeatedly telling the telemarketers she was not interested in their services and to not call her.

44. Defendant participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful calling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

45. Every call was placed without the maintenance of an internal do-not-call policy.

46. Every call failed to identify the telemarketers and parties they were calling on behalf of.

47. Every call was placed without training their agents/employees on the use of an internal do-not-call policy.

48. No emergency necessitated the calls.

49. On information and belief, Defendant did not have a written do-not-call policy while it was sending Plaintiff the unsolicited calls.

50. On information and belief, the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list

## THE SELLERS SHOULD BE HELD LIABLE TO UPHOLD THE DETERRENT EFFECT AND PURPOSE OF THE TCPA

51. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA

52. Defendant hired anonymous offshore telemarketers to make illegal solicitation sales calls

on their behalf selling their "debt settlement" services.

## VICARIOUS LIABILITY OF DEFENDANTS

53. Defendant Countrywide is vicariously liable under the theories of implied authority, apparent authority, and ratification, and as well as liable because any other result would impair the underlying purpose of the TCPA.

54. "A[n] entity may be held vicariously liable for violations of the TCPA 'under a broad range of agency principles, including not only formal agency, but also principles of apparent authority and ratification.'" Aranda v. Caribbean Cruise Line, Inc., 179 F. Supp. 3d 817, 831 (N.D. Ill. 2016) (Quoting In re Joint Petition filed by Dish Network, LLC, 28 F.C.C. R. 6574, 6582 ¶ 28 (2013)).  "Formal Agency" in this context means actual authority, which may be express or implied. Id,.

55. Defendant Countrywide gave express authority and apparent authority to the anonymous telemarketers with full knowledge the administration of sales and solicitation of sales of the "debt settlement" services marketed as a result of the contract would be marketed using robocalls, spoofed caller IDs and in violation of 47 U.S.C. 227(c).

56. Defendant Countrywide has ratified the conduct and behavior of the anonymous telemarketers by repeatedly accepting contracts from consumers that originated through the use of TCPA violating anonymous phone calls.  Countrywide accepts these contracts with the full knowledge and expectation Defendant would violate the TCPA.

57. Failure to hold Countrywide responsible for the calls made on their behalf will be a signal to other TCPA violators that they can escape TCPA liability by hiring offshore and/or invisible entities to make phone calls on their behalf.

58. Not only does the seller have the responsibility to ensure TCPA compliance for calls

made on their behalf, but they also have the responsibility to ensure those companies operate in the sunlight and are not taking active measures to avoid detection.

59. The call center utilized by Defendant Countrywide is located offshore and outside the laws and jurisdiction of the United States.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES
## AS A RESULT OF THE CALLS

60. Defendant's calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

61. Defendant's calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

62. Defendant's calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

63. Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage space, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

## PLAINTIFF'S CELL PHONE IS A RESIDENTIAL PHONE

64. The calls were to Plaintiff's cellular phone which is Plaintiff's personal cell phone. Plaintiff maintains no landlines and uses the phone solely for personal, family, and household use. Plaintiff does not use her cell phone for any business purposes. Plaintiff's phone is registered in her name and she pays the bill from her personal accounts.

### Violations of the Texas Business and Commerce Code § 302.101

65. The actions of the Defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a valid registration certificate and bond on file with the Texas Secretary of State.

66. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.

**FIRST CLAIM FOR RELIEF:**

<u>**COUNT ONE:**</u>

**(Violation of the TCPA "Sales Call/DNC" Prohibition, 47 U.S.C. 227(c), and 47 C.F.R. § 64.1200(C))**

67. Plaintiff incorporates the foregoing allegations in paragraph 1-66 as if fully set forth herein.

68. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute a violation of FCC regulations by making multiple telemarketing solicitations to a consumer on the National Do-Not-Call Registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

69. Defendant made repeated calls Plaintiff's private residential telephone number which was successfully registered on the National Do-Not-Call Registry more than thirty-one (31) days prior to the illegal calls, in violation of 47 U.S.C § 227(c)(3)(F), and 47 C.F.R. § 64.1200(c)(2).

70. Plaintiff was statutorily damaged at least twenty-seven (27) times under 47 U.S.C. § 227(c)(3)(F) by Defendant by the phone calls described above, in the amount of $500 per phone call.

71. Plaintiff is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(c)(5)(B).

72. Plaintiff is entitled to an award up to $1,500 in damages for each knowing or willful violation of 47 U.S.C. § 227(c)(3)(F).

## SECOND CLAIM FOR RELIEF

### (Violations of The Texas Business and Commerce Code 302.101)

73. Plaintiff incorporates the foregoing allegations in paragraphs 1-66 as if set forth herein.

74. The foregoing acts and omissions of Defendant and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

75. Plaintiff is entitled to an award of up to $5,000 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 302.302(a)**.

76. Plaintiff is entitled to an award for all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees and attorney's fees.

## PRAYER FOR RELIEF

WHEREFORE, Yazmin Gonzalez prays for judgment against the defendants jointly and severally as follows:

    A. Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

    B. A declaration that actions complained of herein by Defendant violated the TCPA and Texas state law;

    C. An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

    D. An award of $1500 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendant for twenty-seven calls.

E.  An award of $5,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

F.  An award to Ms. Gonzalez of damages, as allowed by law under the TCPA;

G.  An award to Ms. Gonzalez of interest, costs and attorneys' fees, as allowed by law and equity

Such further relief as the Court deems necessary, just, and proper.

December 1, 2023,                                    Respectfully submitted,

*/s/ Yazmin Gonzalez*

Yazmin Gonzalez
Plaintiff, Pro Se
14205 Charles Pollock
El Paso, TX 79938
915-820-1859